UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:20CR-00022-JHM

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**VS.**

**BILLY RAY SUTTON**                                                            **DEFENDANT**

**MEMORANDUM OPNION AND ORDER**

This matter is before the Court on a motion by Defendant, Billy Ray Sutton, to exclude from the trial the drug, audio, and video evidence from the March 12, 2020, controlled buy. [DN 21, DN 36].  The United States filed a response.  [DN 32].  No reply was filed.  Fully briefed, this matter is ripe for decision

**I. BACKGROUND**

Defendant, Billy Ray Sutton, is charged in Count 1 of the indictment with possession with intent to distribute methamphetamine on September 8, 2020, and in Count 2 of the indictment with distribution of methamphetamine on March 12, 2020. [DN 1].  Count 2 of the indictment arises out of a controlled buy on March 12, 2020, involving 362.20 grams of methamphetamine.  Prior to the transaction, law enforcement searched the confidential informant for any contraband.  Law enforcement provided the informant with funds to purchase the methamphetamine.  The transaction took place inside the informant's residence and was recorded by video and audio. [DN 35].  The video shows Sutton enter the residence with a gray plastic bag, remove a white plastic bag from the gray bag, and remove a clear Ziploc bag containing a crystal substance from the white bag.  Sutton and the confidential informant pour the crystal substance into a cup which is placed on top of a digital scale.  Sutton states that the substance is three ounces short of a pound. [*Id.*].

Following the distribution of the methamphetamine, law enforcement took custody of the drugs and the recorder from the confidential informant, as well as currency not used in the transaction. According to both parties, prior to law enforcement's meeting with the confidential informant after the controlled buy, the audio and video recording devices turn off due to low battery power.

Sutton now seeks to exclude the drug, audio, and video evidence of the controlled buy arguing that the death of the informant in this case renders the evidence inadmissible. Specifically, Sutton maintains that because the informant is deceased, the recordings of the controlled buy are inadmissible hearsay and will violate his confrontation rights under the Sixth Amendment. Additionally, Sutton contends that the drug evidence is not reliable.

## II. DISCUSSION

### A. Confrontation Clause

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The primary purpose of the Confrontation Clause is to prevent out-of-court statements from being used against a criminal defendant in lieu of in-court testimony subject to the scrutiny of cross-examination. *Crawford v. Washington*, 541 U.S. 36, 50 (2004); *see, e.g., Douglas v. State of Ala.*, 380 U.S. 415, 418–19 (1965). However, there is no Confrontation Clause issue when out-of-court statements are admitted for purposes other than showing the truth of the matter asserted. *Crawford*, 541 U.S. at 59 n.9; *see, e.g., Williams v. Illinois*, 567 U.S. 50 (2012); *Michigan v. Bryant*, 562 U.S. 344, 367 n.11 (2011); *Tennessee v. Street*, 471 U.S. 409, 414 (1985).

Here, Sutton argues that the statements made by the informant on the controlled buy video are inadmissible hearsay because they are being introduced by the United States to prove the truth of the matter asserted. According to Sutton, because he had no opportunity to cross-examine the

informant prior to his death, introduction of the video with the statements would be in violation of Sutton's Sixth Amendment rights. Similarly, Sutton maintains that because the origin of the drug evidence in Count 2 is supported by only the claims of the informant and because Sutton does not have the ability to confront the informant to challenge his reliability and credibility, the drug evidence should likewise be excluded. [DN 36 at 4–5].

The Court rejects this argument. Sutton's statements captured on the recordings are party admissions and nontestimonial and do not violate the Confrontation Clause. *United States v. Jones*, 205 F. App'x 327, 342–43 (6th Cir. 2006); *United States v. Sexton*, 119 F. App'x 735, 741–43 (6th Cir. 2005). Likewise, as represented by the United States, the confidential informant's statements captured on the recording are not offered for the truth of the matters asserted but to "give meaning to the admissible responses of [Sutton]" by placing them in context. *Sexton*, 119 F. App'x at 743 ("When an out-of-court statement is not offered to prove the truth of the matter asserted, as with [the CI's] statements, the Confrontation Clause is not implicated."); *see also United States v. Jones*, 205 F. App'x 327, 342–43 (6th Cir. 2006) (finding that CI's statements on a recorded drug buy did not violate the Confrontation Clause when offered to give meaning to defendant's statements on the same recording); *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (holding that "if a Defendant . . . makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant['s] . . . nontestimonial statements into context"); *United States v. Whiteside*, 747 F. App'x 387, 399 (6th Cir. 2018); *United States v. Sneed*, No. 3:14 CR 00159, 2016 WL 4191683, at *4 (M.D. Tenn. Aug. 9, 2016).

Here, the video clearly depicts Sutton unpackage, weigh, and distribute the

methamphetamine to the confidential informant. The audio contains admissions of Sutton as he discusses the weight of the substance and other transactional content. [DN 35]. As represented by the United States and consistent with the above case law, the statements by the confidential informant will not be offered for the truth of the matter asserted; rather, they will give meaning to the admissible responses of the defendant. Therefore, the motion to exclude the audio and video evidence of the controlled buy is denied.

**B. Drug Evidence**

Sutton contends that in the present case a reasonable probability exists that the source of the alleged methamphetamine was the informant himself or a family member, and it should be excluded. Sutton argues that because the confidential informant is deceased, the United States cannot demonstrate that the substance law enforcement received from the informant and tested for methamphetamine was the same substance exchanged on the video between the informant and Sutton. Sutton also complains that the confidential informant's home was not searched nor was the confidential informant's family member searched prior to the controlled buy. And because no video or audio recording of the 19 minutes that the informant spent in the house following his meeting with Sutton exists, a break in the chain of custody also requires the drugs to be excluded. [DN 36 at 6].

The Court disagrees. "Physical evidence is admissible when the possibilities of misidentification or alteration are 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010) (quoting *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir. 1972)). "Merely raising the possibility of tampering or misidentification is insufficient to render evidence inadmissible." *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (citing *United States v. Kelly*, 14 F.3d 1169, 1175 (7th Cir. 1994)).

Furthermore, absent actual evidence of tampering or misidentification, any challenge to the chain of custody goes to the weight of the evidence, not its admissibility. *United States v. Conway*, No. CR 17-43-DLB-CJS, 2018 WL 5986736, at *2 (E.D. Ky. Nov. 13, 2018), aff'd, No. 18-6260, 2020 WL 2924544 (6th Cir. Apr. 24, 2020) (citing *United States v. Knowles*, 623 F.3d 381, 386 (6th Cir. 2010)); *see also United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997); *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990). These issues raised by Sutton are matters of credibility of the evidence, not admissibility, and are properly reserved for cross-examination and argument.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Billy Ray Sutton, to exclude from the trial the drug, audio, and video evidence from the March 12, 2020, controlled buy [DN 21, DN 36] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

June 7, 2021