**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO. 4:20CR-00022-JHM**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**VS.**

**BILLY RAY SUTTON**                                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Billy Ray Sutton, to sever counts 1 and 2 of the indictment [DN 22]. The United States filed a response objecting to the motion to sever. [DN 31]. No reply was filed. Fully briefed, this matter is ripe for decision.

Sutton moves to sever Counts 1 and 2 of the indictment pursuant to Fed. R. Crim. P. 14(a) arguing that the jury will not be able to compartmentalize the drug counts. Specifically, Sutton maintains that the alleged crimes are two distinct incidents which occurred at different locations on different days. Count 1 charges Sutton with possession with intent to distribute methamphetamine on September 8, 2020, at a residence in Henderson, Kentucky. Count 2 charges Sutton with distribution of methamphetamine on March 12, 2020, at another residence in Henderson, Kentucky. Sutton asserts that there is no overlap of evidence. Further, Sutton contends that the jury could improperly conclude that if the evidence shows guilt on one count, it will also tend to show guilt on the other. Finally, Sutton argues that trying the two counts together impinges on his Fifth Amendment rights because he may elect to testify about one of the incidents, but not the other.

Joinder of offenses is governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. Rule 8(a) permits joinder of two or more offenses "if the offenses charged . . . are of

the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Even if joinder is appropriate under Rule 8(a), Rule 14 authorizes a district court, in its discretion, to grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses." *United States v. Day*, 1:05-CR-176, 2006 WL 120193, *1 (W.D. Mich. Jan. 17, 2006) (citing Fed. R. Crim. P. 14(a)). "The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006). "The movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Spillover evidence from one count to another count does not mandate severance unless a defendant can show that substantial prejudice will occur from the spillover evidence. *Hang Le-Thy Tran*, 433 F.3d at 478. Sutton has not met this burden.

In the present case, the United States intends to prove that on March 12, 2020, Sutton distributed approximately 362 grams of methamphetamine to a confidential source. Approximately six months later, on September 8, 2020, law enforcement executed a search warrant at a residence in which the defendant was arrested earlier in the day. During the execution of the search warrant, over 500 grams of methamphetamine, among other evidence, was seized. [DN 31 at 3].

First, the case law reflects that joinder of the offenses of distribution of a controlled substances is appropriate. Sutton's alleged offenses are unquestionably "of the same or similar character" and arguably "constitute parts of a common scheme or plan," namely a scheme or plan to sell drugs. *See, e.g., United States v. Brewer*, No. 3:17-CR-37-DJH, 2018 WL 616145, *4 (W.D.

Ky. Jan. 29, 2018) (citing *United States v. McClellan*, No. 93-4084, 1994 WL 589497, at *3–4 (6th Cir. 1994) (finding no misjoinder under Rule 8(a) where indictment charged drug-trafficking and firearm offenses arising out of three separate incidents over a period of one year in which police found drugs and firearms in defendant's car)); *United States v. Valentine*, 984 F.2d 906, 910 (8th Cir. 1993) (joinder of drug possession charges for offenses that occurred nine months apart); *United States v. Reynolds*, 489 F.2d 4 (6th Cir. 1973); *United States v. Chavis*, 296 F.3d 450, 460–461 (6th Cir. 2002). Additionally, evidence that supports the charge in Count 2 was used in part to obtain the search warrant, which led to the charge in Count 1 of the indictment. "Moreover, consolidation of the offenses for trial serves the interest of judicial efficiency, as even in a separate trial, the United States could offer evidence of similar incidents for any purpose permissible under Federal Rule of Evidence 404(b)(2) (e.g., to show [defendant's] knowledge or intent)." *Brewer*, 2018 WL 616145, *4.

Second, Sutton has failed to show that a severance of counts is necessary to prevent undue prejudice at trial. The Court is not persuaded that Sutton will suffer undue prejudice that outweighs the public interest in promoting judicial economy of having a joint trial. See *United States v. Penney*, No. 1:04-Cr-36, 2005 WL 1668292, *1 (E.D. Tenn. July 18, 2005). The primary concern expressed by Sutton is whether the jury will be able to segregate the evidence applicable to each count charged. The Court can minimize the risk of prejudice through limiting instructions. "A jury is presumed capable of giving separate consideration to each count, and any potential prejudice from joinder of offenses may be minimized or cured by a limiting instruction to the jury." *Penney*, 2005 WL 1668292, *1 (citing *United States v. Cline*, 362 F.3d 343, 349–50 (6th Cir. 2004)). The jury is presumed to follow and correctly apply limiting instructions. *United States v. Buford*, No. 1:04CR-133, 2005 WL 2387725, *2 (E.D. Tenn. Sept. 27, 2005); *see also Richardson*

*v. Marsh*, 481 U.S. 200, 211 (1987) ("juries are presumed to follow their instructions"); *United States v. Makki*, 129 F. App'x 185, 189 (6th Cir. 2005)("Juries, of course, are presumed to understand and follow such instructions, in the absence of any evidence to the contrary.").

Finally, the Sixth Circuit has found that in order to sever offenses because a defendant may wish to testify at trial as to some counts and not others, a defendant raising this argument must first make a "convincing showing" that he had important testimony to give on certain counts, as well as a "strong need" to refrain from testifying on the remaining counts. *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), cert. granted, judgment vacated on other grounds, 543 U.S. 1182 (2005)); *United States v. Miller*, No. 1:14-CR-278, 2015 WL 6658681, *3 (N.D. Ohio Oct. 30, 2015). Here, Sutton's motion to sever provided no indication that he absolutely wishes to testify, which count he would testify to, what his testimony would be on that count, and why he would avoid testifying on the other count. As such, Sutton's nonspecific assertions of prejudice are insufficient to warrant severance under Rule 14. *See United States v. Vance*, No. 3:16-CR-00070-JHM, 2017 WL 2350234, at *3 (W.D. Ky. May 30, 2017).

For these reasons, **IT IS HEREBY ORDERED** that the motion by Sutton to sever counts 1 and 2 [DN 22] is **DENIED.**

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

June 7, 2021